<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

RANDY FANCIULLO,                          :
                                          :
                          Plaintiff,      :
                                          :          **Civil Action No. 11-6479 (SRC)**
                    v.                    :
                                          :                    **OPINION**
UNITED STATES POSTAL SERVICE et           :
al.,                                      :
                                          :
                          Defendants.  :
                                          :

<u>**CHESLER**</u>, District Judge

     This matter comes before the Court on the motion by Defendants Dennis Allocco, Brian

Benevento, Patrick Donahoe, Ed Matteo, John Potter, and the United States Postal Service

(collectively, "Defendants") to dismiss the Complaint, pursuant to Federal Rule of Civil

Procedure 12(b)(6), and the cross-motion for leave to amend the Complaint by Plaintiff Randy

Fanciullo.  For the reasons stated below, the motion to dismiss will be granted, and the cross-

motion for leave to amend the Complaint will be denied.

     Briefly, this case arises from a dispute over employment discrimination based on age.

Plaintiff Randy Fanciullo ("Fanciullo") has filed a Complaint asserting seven counts of

employment discrimination.  Six counts assert discrimination in violation of the Age

Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621.  One count asserts

discrimination in violation of 42 U.S.C. § 1983.

Defendants first move to dismiss the first count, which asserts a violation of 42 U.S.C. § 1983, on the ground that it is preempted by the ADEA, citing nonprecedential Third Circuit authority. In response, Plaintiff has limited his § 1983 claim to individual defendants in their individual capacities, but does not address Defendants' preemption arguments. It is true that the clearest Third Circuit statements supporting Defendants' preemption argument have appeared in nonprecedential opinions. In one such recent opinion, however, a Third Circuit panel construed a precedential opinion as holding that "the ADEA provides the exclusive remedy for federal employees to litigate age discrimination claims. *See Purtill v. Harris*, 658 F.2d 134, 137 (3d Cir. 1981)." Rodrock v. Moury, 379 Fed. Appx. 164, 166 (3d Cir. 2010). In view of the fact that Plaintiff has offered no legal authority to support his opposition to Defendants' position, this Court finds that Defendants have established that the first count of the Complaint is preempted by the ADEA and fails to state a valid claim for relief to be granted.[1]

As to the remaining claims, Defendants contend that they must be dismissed for failure to exhaust administrative remedies. Defendants cite 29 C.F.R. § 1614.201, which provides for only two pathways to suit in federal court under the ADEA: 1) filing a formal administrative complaint with the EEOC; or 2) filing written notice of intent to sue at least 30 days before filing suit. Defendants argue that the Complaint fails to plead facts which support finding that Plaintiff has satisfied the requirements for filing suit, following either pathway. In opposition, Plaintiff states that he filed a complaint with the EEOC on March 14, 2012, which "preserves his rights to

---

[1] Furthermore, § 1983 allows only claims against state actors, not federal actors. Brown v. Philip Morris, Inc., 250 F.3d 789, 800 (3d Cir. 2001) ("It is well established that liability under § 1983 will not attach for actions taken under color of federal law.") Nor could Plaintiff assert a Bivens claim for age discrimination in this case, since that is expressly barred by Purtill.

bring the instant litigation in federal court." (Pl.'s Opp. Br. 7.) Plaintiff thus does not dispute that, when he filed the Complaint on June 16, 2011, he had not satisfied the requirements of 29 C.F.R. § 1614.201. Nor does Plaintiff provide any legal theory to explain how his filing a complaint with the EEOC on March 14, 2012 operates to preserve his rights to bring the instant suit, nor how it satisfies the exhaustion requirement.

Plaintiff has failed to show that the Complaint alleges facts which, taken as true, show the requisite exhaustion of administrative remedies. While the Court observes that, under Third Circuit law, "failure to obtain a right-to-sue letter . . . is curable at any point during the pendency of the action," Plaintiff has not even alleged that he has received the necessary right-to-sue letter from the EEOC. Anjelino v. New York Times Co., 200 F.3d 73, 96 (3d Cir. 1999). As such, the motion to dismiss will be granted, and the Complaint will be dismissed without prejudice.

Plaintiff has cross-moved for leave to amend the Complaint. The proposed Amended Complaint retains claims under the ADEA and § 1983, and seeks to add claims under the Americans with Disabilities Act and the Rehabilitation Act of 1973. Both proposed new claims allege a failure by Defendants to make reasonable accommodations to Plaintiff's physical disability. As to these claims, amendment is futile because the proposed Amended Complaint could not withstand a motion to dismiss. The proposed new claims are pled in an entirely vague and conclusory fashion. The proposed Amended Complaint fails to allege sufficient facts to raise the right to relief for these disability-based claims above a speculative level.

A complaint will survive a motion under Rule 12(b)(6) only if it states "sufficient factual allegations, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic v. Twombly, 550 U.S. 544, 570

(2007)).  The pleading standard imposed by Federal Rule of Civil Procedure 8(a) will be met if

the complaint "pleads factual content that allows the court to draw the reasonable inference that

the defendant is liable for the misconduct alleged."  Id. (citing Twombly, 550 U.S. at 556.)

While the complaint need not demonstrate that a defendant is *probably* liable for the

wrongdoing, allegations that give rise to the mere *possibility* of unlawful conduct will not do.

Iqbal, 129 S.Ct. at 1949; Twombly, 550 U.S. at 557.  The Third Circuit, following Twombly and

Iqbal, has held that Rule 8(a) "requires not merely a short and plain statement, but instead

mandates a statement 'showing that the pleader is entitled to relief.'" Phillips v. County of

Allegheny, 515 F.3d 224, 234 (3d Cir. 2008). This showing must be made by the facts alleged.

Id.  As to the new disability claims, the proposed Amended Complaint does not plead sufficient

facts to state claims for relief that are plausible on their face.  As to the claims for violations of

the ADEA and § 1983, the proposed Amended Complaint does not remedy the defects identified

in this Opinion.  The cross-motion to amend will be denied without prejudice.


   s/Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge

Dated: May 24, 2012

4